IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Matthew Thomas Parkins, by and through Andrew Turner, his next of friend and Guardian ad Litem, and Matt Parkins, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> The State of South Carolina, Henry Dargan McMaster, The Office of the Governor, Michael Leach, The South Carolina Department of Social Services, Calvin Hill, Tomekia Means, Joshua Baker, Robert Kerr, The South Carolina Department of Health and Human Services, Althea Myers, Patrick Maley, Michelle Gough Fry, The South Carolina Department of Disabilities and Special Needs, The Laurens County Disabilities and Special Needs Board, The Spartanburg Regional Health Care System, The Union Medical Center, Tonya Renee Washington, M.D., Jan Bradley, John Roe, and Jane Roe, <br><br> Defendants. | C.A. No. 7:21-2641-HMH <br><br> **OPINION & ORDER** |

This matter is before the court on Defendants Spartanburg Regional Healthcare System ("SRHCS"), Union Medical Center ("UMC"), Tonya Renee Washington, M.D. ("Dr. Washington"), and Jan Bradley's ("Bradley") (collectively "SRHS Defendants") "motion for clarification and/or reconsideration," which the court construes as a motion to reconsider pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the court denies the motion.

1

Pursuant to Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b). "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). However, a motion to reconsider should not be used "simply to ask the [c]ourt to rethink what the [c]ourt had already thought through . . . ." Wiseman v. First Citizen Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003) (internal quotation marks and citation omitted).

Further, the discretion afforded by Rule 54(b) "is not limitless," and the Fourth Circuit "ha[s] cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." Carlson, 856 F.3d at 325. "This is because, while Rule 54(b) gives a district court discretion to revisit earlier rulings in the same case, such discretion is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC, 899 F.3d 236, 257 (4th Cir. 2018) (quoting Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotation marks omitted)).

Accordingly, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice."

2

Carlson, 856 F.3d at 325 (internal quotation marks and alteration omitted). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." Id. (internal quotation marks omitted).

On February 14, 2022, the court entered an order ruling on the various motions to dismiss filed by the Defendants. On February 22, 2022, the court entered an amended opinion and order correcting a clerical error. (Am. Opinion & Order, ECF No. 61); (Mot. Dismiss, ECF No. 41.) On February 23, 2022, the SRHS Defendants filed the instant motion requesting "an [o]rder clarifying or correcting an apparent oversight" in this court's Opinion and Order.[1] (Mot. Recons. 2, ECF No. 63.)

The SRHS Defendants contend that the court "overlooked or misapprehended the SRHS Defendants' first argument contained within its Motion to Dismiss Plaintiffs' First Amended Complaint seeking dismissal of all of Plaintiffs' causes of action" for failure to comply with the court's October 6, 2021 Order.[2] (Id. 2, ECF No. 63); (Oct. 6, 2021, Order 3, ECF No. 27.) The SRHS Defendants assert that within their first argument, they moved to dismiss Plaintiffs' second cause of action alleging a 28 U.S.C. § 1983 claim. In the February 22, 2022 Opinion

---

[1] The SRHS Defendants reference the February 14, 2022 Opinion and Order. However, the court entered an Amended Opinion and Order on February 22, 2022. (Am. Opinion and Order, ECF No. 62.)

[2] The court's October 6, 2021 Order instructed Plaintiffs to file an amended complaint no more than 35 pages in length, omitting evidentiary matters, and plainly stating in the first paragraph the specific defendants against whom that cause of action is asserted. (Oct. 6, 2021 Order, ECF No. 27.)

and Order, the court specifically noted that the SRHS Defendants did not move to dismiss the

§ 1983 claim on any substantive ground.  (Am. Opinion & Order 19 n.9, ECF No. 62.)

In support of the motion for reconsideration, the SRHS Defendants reference pages 2

and 4 through 9 of their motion to dismiss.  (Mot. Recons. 2, ECF No. 63.)  Page 2 set forth the

SRHS Defendants' arguments to dismiss the complaint, and provided as follows:

> I.  **Plaintiffs' Complaint** must be dismissed pursuant to Rules 8, 12(b)(6), and 41(b), FRCP **because Plaintiffs' First Amended Complaint (ECF # 32) fails to complywith this Court's Opinion & Order** (ECF # 27) and continues to prejudice the SRHS Defendants through failing to identify at whom Plaintiffs' Causes of Action are directed and why.
>
> II.  Plaintiffs' First Cause of Action for Violation of ADA and Rehabilitation Act fails to state a claim against SRHS and UMC pursuant to Rule 12(b)(6), FRCP because those Defendants had no lawful authority or control over Matthew Thomas Parkins' admission for short-term care or long-term placement.
>
> III.  Plaintiffs' Third Cause of Action for Civil Conspiracy and Fourth Cause of Action for Gross Negligence against Dr. Washington, UMC, and any John Roe and Jane Roe employees must be dismissed pursuant to Rule 12(b)(6), FRCP and the South Carolina Tort Claims Act for failure to commence the same within the two-year statute of limitations period.
>
> IV.  Plaintiffs' Third Cause of Action for Civil Conspiracy and Fourth Cause of Action for Gross Negligence against Dr. Washington and any John Roe and Jane Roe employees must be dismissed pursuant to Rule 12(b)(6), FRCP and the South Carolina Tort Claims Act because governmental employees cannot be named individually.
>
> V.  Plaintiffs' Third Cause of Action for Civil Conspiracy against UMC, Dr. Washington, Ms. Bradley, and any John Roe and Jane Roe employees must be dismissed pursuant to Rule 12(b)(6), FRCP because Matthew Thomas Parkins was never admitted to Clinton Manor, meaning Plaintiffs' incurred no damages as a result of the unlawful acts.
>
> VI.  Plaintiffs' Third, Fourth, and Fifth Causes of Action against SRHS, UMC, Dr. Washington, Ms. Bradley, and any John and Jane Roe employees must be dismissed pursuant to Rule 12(b)(6), FRCP, S.C. Code Ann. § 15-79-125, and S.C. Code Ann. § 15-36-100 because those causes of action are premised on medical negligence but

>   Plaintiffs failed to comply with the applicable Notice of Intent to File Suit and expert affidavit Requirements.

(Mot. Dismiss 2, ECF No. 41) (emphasis added).  Further, the heading for the SRHS Defendants' first argument in their motion to dismiss stated in bold as follows: "**Plaintiffs' [c]omplaint [s]hould [b]e [d]ismissed [p]ursuant to Rule 41(b), FRCP[3] for [f]ailure to [c]omply with the [c]ourt's October 6, 2021 Opinion & Order (ECF # 27).**" (Id. 4, ECF No. 41).

The SRHS Defendants then dedicated the next six pages to addressing why the complaint should be dismissed for Plaintiffs' failure to comply with the court's October 6, 2021 Opinion and Order.  (Id. 4-9, ECF No. 41.)  Leaving no doubt as to the grounds asserted for dismissal in their first argument, the SRHS Defendants concluded their first argument by stating that "[u]nder these circumstances, dismissal with prejudice pursuant to Rule 41(b) is warranted."  (Id. 9, ECF No. 41.)  Moreover, the SRHS Defendants further reiterated this in their reply: "[w]ithin Argument I of their [m]otion to [d]ismiss, [the SRHS Defendants] argued that Plaintiffs' [f]irst [a]mended [c]omplaint was subject to dismissal for failure to comply with the [c]ourt's October 6, 2021 Opinion and Order."  (Reply 2, ECF No. 54.)  The SRHS Defendants did not advance any other grounds for dismissal of the § 1983 claim in the pages cited or elsewhere in the motion to dismiss.  Aside from moving to dismiss all claims based on Rule 41(b) for failure to comply with the court's October 6, 2021 order, the SRHS Defendants made only one specific reference in one footnote to a § 1983 claim.  (Mot. Dismiss 11 n.3, ECF

---

[3] Rule 41(b), upon motion by a defendant, permits the court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . .")  Fed. R. Civ. P. 41(b).

5

No. 41) ("[T]he [c]ourt may consider the Affidavit of J. Hollis Inabinet . . . because Dr. Washington's status as a public employee is integral to and relied upon in drafting the First Amended Complaint such as Plaintiff's Second Cause of Action for Violation of § 1983.").

The court addressed the Rule 41(b) argument as follows:

### a. Failure to Comply with Court Order

In the court's October 6, 2021, Opinion and Order, Plaintiffs were directed to file an amended complaint and to "plainly state in the first paragraph the specific defendants against whom that cause of action is asserted." (Opinion & Order, ECF No. 27.) Plaintiffs failed to fully comply with this directive. As a result, Plaintiffs have made the task of evaluating and responding to their claims unnecessarily difficult. Further, Plaintiffs' failures have saddled the court with attempting to divine against whom Plaintiffs are alleging claims. Plaintiffs' counsel is admonished that the continued failure to follow the court's orders may result in the involuntary dismissal of this action. See Fed. R. Civ P. 41(b) ("If the plaintiff fails . . . to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). However, **the court is constrained to deny the SRHS Defendants' motion to dismiss on this basis at this time**.

(Am. Opinion & Order 20, ECF No. 62) (emphasis added).

Accordingly, the court denied the SRHS Defendants' motion to dismiss the Plaintiffs' complaint for failure to comply with the October 6, 2021 order, and the motion is devoid of any further argument to dismiss the § 1983 claim.

In the motion for reconsideration, the SRHS Defendants assert substantive grounds for dismissal of Plaintiffs' § 1983 claim. (Mot. Recons., generally, 3-5, ECF No. 63.) However, these arguments were not asserted in the motion to dismiss. (Mot. Dismiss, ECF No. 41.) Further, the court will not consider them in a motion for reconsideration as the arguments are not properly before the court. Nothing in this order precludes the SRHS Defendants from filing a motion pursuant to Rule 12(c) of the Federal Rules of Civil Procedure to raise these new arguments. Based on the foregoing, the SRHS Defendants' motion for reconsideration is

6

denied.

Therefore, it is

**ORDERED** that the SRHS Defendants' motion for reconsideration, docket number 63, is denied.

**IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
March 1, 2022